IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KNUTSON, | No. 09-02402 CW |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| v. | |
| FRANCISCO JACQUEZ, Warden, | |
| Defendant. | |

Plaintiff Ronald Knutson, an inmate at Pelican Bay State Prison (PBSP) in Crescent City, California, filed two handwritten civil rights complaints pursuant to 42 U.S.C. § 1983. On November 19, 2009, the Court, pursuant to Plaintiff's request, consolidated the actions in case number 09-2402 CW and dismissed the case with leave to amend because it was impossible to ascertain from Plaintiff's numerous filings, confusing allegations and poor handwriting what claims he sought to bring in federal court.

On January 4, 2010, Plaintiff filed a typewritten Second Amended Complaint (SAC), which the Court now reviews.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable

claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  <u>Id.</u> § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Plaintiff indicates in the SAC that his "case is not about civil rights at this stage of the pleadings, it is about equity and contract or subject matter jurisdiction where 'custody' puts a question to a tax base."  SAC at 2a.  Because the SAC is typewritten, the words can be read.  However, the allegations and claims are still confusing.  The following is what the Court can ascertain.

Although the named Defendant is Warden Francisco Jacquez, the real parties in interest are the estate of Sam Giaconna, Cindy Giaconna, the principal of the estate, an unnamed individual who is the personal representative and trustee of the estate, the Bank of America and an unnamed individual who is an employee of the Alameda County Adoption Agency.  SAC at 3, 3d.  Sam Giaconna died in 1964 and his estate has a list of assets and liabilities acquired at the time of his death.  SAC at 3a.  Sam Giaconna was involved in ultra-hazardous activities in the State of Florida.  SAC at 3a.  In 1957,

2

Sam Giaconna "negligently applied these hazardous conditions to activities of Ronald Knutson so as to cause a special relationship between Cindy Giaconna and Plaintiff," and, as a result, Defendants owe Plaintiff a duty "defined as reasonableness where contractual relationships controlled an independent legal duty and question of law."  SAC at 3a.

In 1959, an individual acting as an employee of the Alameda County Sheriff's Department arranged to meet Plaintiff in front of a duplex located in Alameda County.  SAC at 3c.  Plaintiff asserts that this contact established a special relationship which was "conditioned on a phenomenon recognized as sleepwalking."  SAC at 3c.  Apparently, this person or persons illegally obtained property belonging to Plaintiff.  SAC at 3c.

In 1962, the Bank of America acquired secured "transactions" in the property.  SAC at 3d.  Plaintiff was directed to open and close an account at the Bank of America which resulted in the conversion of property.  SAC at 3d.  Bank of America acted "as principal and agent in furtherance of defining the peculiar risk doctrine."  SAC at 3d.  As a result of these events and the grieving process of the President's assassination, Plaintiff and his family were invited to attend a dinner party with persons he has been unable to trace.  SAC at 3e.  The conversion of property again took place after a long debate, while Plaintiff and his family acted as "conditional powers" and injured parties.  SAC at 3e.

From 1965 to 1968, the California legislature and the federal government created a class of American Indian people who were able

3

wrongfully to convert property to which Plaintiff had rights. SAC at 3f. These conditions allowed the adoption of Plaintiff. SAC at 3f. Defendants "violated the laws of conversion so as to create 'a legacy.'" SAC at 3g. "As a direct result of Defendants' negligence . . . and in the creation of third party as a victim for purpose of entitlement, the plaintiff has suffered injury to his person as described with special interest associated with defining a Holocaust survivor or heir." SAC at 3g.

Based on these allegations, Plaintiff asserts claims for strict liability, negligence, conversion and theft of identity.

Even construing this pro se complaint liberally, the allegations do not state an identifiable cause of action. Therefore, this case is dismissed.

## CONCLUSION

For the foregoing reasons, this case is dismissed. The Clerk of the Court shall close the file.

IT IS SO ORDERED.

Dated: 5/18/2010

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RONALD KNUTSON,

        Plaintiff,

  v.

THE WARDEN et al,

        Defendant.

Case Number: CV09-02402 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 18, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Knutson C-04763
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated: May 18, 2010

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

5